WESLEY PLEDGER, plaintiff in error, vs. ALFRED B. COULTER, defendant in error.

On the trial of an action of deceit, in the sale of promissory notes with a representation of the maker's solvency, and a plea of the statute of limitations, the evidence was, that the notes fell due, more than five years before the commencement of the action.

*Held,* That, as the purchaser of the notes must have discovered the insolvency of the maker, at the time when the notes fell due, or, within a reasonable time thereafter, this evidence was sufficient to support the plea of the statute.

CASE, in Floyd Superior Court.   Tried before Judge HAMMOND, at April Term, 1858.

The facts of this case are sufficiently stated in the opinion below, pronounced by this Court.

SHROPSHIRE; and UNDERWOOD, for plaintiff in error.

SMITH; and AKIN, *contra.*

*By the Court.*—BENNING J. delivering the opinon.

Pledger, the plaintiff in error, brought an action of deceit against Coulter, the defendant in error.   The declaration contained two counts.   In the first count, Pledger alleged, that Coulter, on the 1st of December, 1849, requested him to purchase of him, Coulter, two promissory notes made by Russell Renneau, for $280 each, bearing date the 5th day of January, 1848; one, payable to Coulter, on the 25th of December, 1848; and the other, to John J. Epperson, on the 1st day of May, 1849; that Coulter fraudulently intending craftily and subtily, to deceive him Pledger, fraudulently and deceitfully represented Renneau, to be a person of good circumstances, well worthy to be trusted, and well able to pay the notes; and, by means of these representations, induced him, Pledger, he not knowing to the contrary of them, to purchase the notes, at the price of $500; that in truth and

in fact, Coulter then well knew, that Renneau was wholly insolvent, and unable to pay the notes, or, any part of them, but which did not come to the knowledge of him, Pledger.

The second count differed from the first, only in alleging, that Pledger paid Coulter, land, instead of money, for the notes.

Coulter pleaded not guilty, and the statute of limitations of four years.

The Court charged the jury; "That their first inquiry would be, whether the plaintiff was bound by the statute of limitations, and if so, they need not pursue their investigations any further, but should find for the defendant."

"That if Pledger knew of Renneau's insolvency, any time for more than four years before the commencement of the suit, it was his privilege, to bring suit within four years thereafter, but that he could not remain inactive for four years after such knowledge, and still retain his right to sue, unless he had been deceived, and lulled into such neglect, by the defendant Coulter, but if Coulter had procured the delay, he would still be accountable, although the rights of the party, might be otherwise barred."

The jury found for Coulter.

Thereupon, Pledger moved for a new trial, assuming as the grounds of the motion, that the jury had found contrary to law; contrary to the evidence; that the verdict was clearly and manifestly, against the weight of the evidence; that the Court erred in charging the jury, that their first inquiry would be, whether the plaintiff was barred by the statute of limitations, and if so, they need not pursue their investigations any further, but should find for the defendant; and that Pledger had, since the verdict, discovered new evidence.

This new evidence was that of James W. M. Berrien, and was to this effect; that, when Coulter sold a printing press to Renneau, he, Berrien, advised Coulter, to secure himself in the purchase money, as he, Berrien, had reason to be-

lieve, that Renneau was insolvent; to which, Coulter replied, that he intended to trade the notes, as soon as he could get rid of them, on the best possible terms. That, some two or three months afterwards, Coulter informed him, Berrien, that he had bought, of Wesley Pledger, the big spring lots, and had paid him a part, with the Renneau notes; that he asked Coulter, if he had endorsed them; to which, Coulter replied, that Pledger had required him to do so, but that he had refused, giving as a reason, to Pledger, that he would not insult a man of the standing of the presiding elder, by endorsing his notes; and, besides, that Renneau's note was better than his.

. The Court overruled the motion, and that was excepted to.

First, then, is it true, that the verdict was contrary to the evidence; or, to the weight of the evidence?

There were two issues; first, whether Coulter was *guilty* of a deceit at all; 2dly, whether if he was, an action for it was not barred by the statute of limitations.

To notice the last, first. Is it true, that according to the evidence, or, to the weight of evidence, the action was not barred by the statute of limitations?

No exception was taken to the rule on this subject, as laid down by the Court. And it, certainly, was as favorable for Pledger, as it would have been, consistently with any view of the law. That rule was, that the suit, unless commenced within four years from Pledger's *discovery* of the deceit, was barred by the statute.

When, then, did Pledger discover the deceit? When he discovered Renneau's insolvency. When did he discover Renneau's insolvency? At least, when the notes on Renneau fell due, or, within a reasonable time, afterwards. Renneau's failure to pay the notes at maturity; or even the one first due, would, it is to be presumed, lead to such inquiries, on the part of Pledger, as would result in his discovery of Renneau's insolvency.

The 25th of December, 1848, was the day on which, one

of the notes fell due; and the first of May, 1849, was the day on which, the other fell due. Then, on the 25th of December, 1848—certainly on the 1st of May, 1849, or, within a reasonable time thereafter, Pledger made the discovery, that Renneau was insolvent. What would be a reasonable time, thereafter? Surely three or four months would be.

We may say, then, that by the 1st of September, 1849, Pledger had acquired the knowledge of Renneau's insolvency.

Now when was the action commenced? On the 5th day of November, 1854, that being the day on which, the declaration was filed in office. But the 5th day of November, 1854, was not only, more than four years after the 1st of September, 1849—it was more than five years, after that day.

We think, then, that, according to the evidence, it is *not* true, that the action was not barred by the statute of limitations. We think, that, according to the evidence, the action *was* barred by that statute.

Thus thinking, it becomes unnecessary to enquire, whether it is true, that, according to the evidence, or to the weight of the evidence, Coulter was *guilty* of a deceit at all; or, to enquire into the value of the newly discovered evidence—that relating, exclusively, to the issue, whether Coulter was guilty of a deceit at all, or not.

Was the part of the charge excepted to, erroneous? If it was, we do not see in what the error consisted. Telling the jury, that their first enquiry would be, as to the question on the statute of limitations, was telling them, that they might, in the first instance, *assume* Coulter, guilty of the deceit. Surely, Pledger was not the party, to complain of this.

We think, then, that the Court was right in overruling the motion for a new trial.

Judgment affirmed.