## EDWARDS *v.* SMITH.

1. Where an action is brought to recover damages alleged to have resulted to the plaintiff in consequence of the perpetration of a fraud charged to have been practiced upon him by the defendant, the cause of action, as stated in the declaration, being apparently barred by the statute of limitations, and it is sought to relieve such action of the bar of the statute by alleging that it was brought within the statutory period after the discovery of the fraud, a mere declaration that the plaintiff "used all diligence he could" to discover the fraud, without alleging that he was in fact diligent, how and in what manner he was diligent, and the extent of the efforts made by him to discover the fraud alleged, is not sufficient to relieve the case from the bar of the statute of limitations; and the action was properly dismissed upon demurrer.
2. The allegation that the plaintiff had "used all diligence he could" to discover the alleged fraud constituted merely a conclusion of fact, and is not a statement of facts well pleaded, such as would cause them to be treated as admitted by demurrer to be true.

Argued June 28, 29, — Decided July 21, 1897.

Deceit.    Before Judge Hart.    Baldwin superior court. January term, 1897.

*Crawford & Crawford* and *Whitfield & Allen*, for plaintiff.
*Roberts & Pottle*, for defendant.

SIMMONS, C. J.   Edwards sold a tract of land to Smith, the latter paying for it partly in money, partly in bank-stock, and the greater portion in stock of the Milledgeville Oil and Fertilizer Company.   The trade was made in December, 1891. Edwards subsequently discovered that the stock of the oil and fertilizer company was worthless when it was paid to him by Smith.   Some negotiations were had between them relative to this matter, but nothing resulted therefrom; and on February 26, 1896, Edwards brought suit against Smith for damages for deceit.   Smith demurred to the petition, upon the ground that it showed upon its face that more than four years had elapsed between the time of receiving the stock and the time of bringing suit, and that it was therefore barred by the statute of limitations.   Edwards amended his petition to meet this demurrer, and alleged that he had used "all diligence he could" to discover the fraud.   The demurrer was renewed, and sustained by the court.

The amendment allowed did not, in our opinion, strengthen the original petition.   Edwards pleaded a conclusion of fact when he should have pleaded the facts themselves.   He should have alleged that he was in fact diligent, how and in what manner he was diligent, and the extent of the efforts made by him to discover the fraud alleged.   Had he stated the facts in this manner, the court, taking the facts stated as true, could have judicially determined whether they were sufficient to relieve the action of the bar of the statute; but inasmuch as he failed to state the facts with particularity, pleading only his conclusion from them, the court could not determine whether or not his conclusion would relieve him from the bar of the statute; and the case was therefore properly dismissed upon demurrer.   *Judgment affirmed.   All the Justices concurring.*