## 12564.  PHIPPS *v.* WRIGHT.

JENKINS, P. J. 1. An action for deceit whereby one is fraudulently induced by another to purchase property of a much less value than the consideration given therefor is for "an injury . . done to property, and not to the person, and the statute of limitations in reference to actions for injuries to property applies." *Crawford* v. *Crawford,* 134 *Ga.* 114 (2) (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932); *Frost* v. *Arnaud,* 144 *Ga.* 26 (1) (85 S. E. 1028).

2. All actions for injuries to property, real or personal, must be brought within four years after the right of action accrues. Civil Code (1910), §§ 4495, 4496.

3. While it is generally true that, where the plaintiff has been deterred or debarred from his action by reason of fraud on the part of the other party, the statute of limitations does not run until the discovery of the fraud (Civil Code of 1910, § 4380), yet "fraud which tolls the statute of limitations must be such fraud as could not have been discovered by the exercise of reasonable diligence, where there is no confidential or fiduciary relation existing between the parties, or other facts which will excuse the failure to act." *Crawford* v. *Crawford,* supra.

4. The burden is upon the party asserting the existence of such a confidential or fiduciary relationship to show it affirmatively (*Crawford* v. *Crawford,* supra), and allegations are not sufficient which merely allege that the plaintiff was "lulled into a sense of security" by reason of the fact that the defendant lived in the same community, as her friend and neighbor, that during such long period of "friendship" she had "every reason to believe, and did believe, in his honesty, sincerity, veracity, and straightforwardness," that she had "implicit faith in his truthfulness, and by reason of trust and confidence in him purchased . . said property, and accepted in so doing defendant's statements and representations . . . as a self-evident truth." *Bryan* v. *Tate,* 138 *Ga.* 321, 323 (75 S. E. 205).

5. Where it is sought to avoid the statute of limitations by an allegation that the petition was brought within the statutory period after the

discovery of the fraud, a mere declaration that the plaintiff used all diligence which he could to discover the fraud, without alleging how he was diligent, and the extent of the efforts made by him to discover the fraud alleged, is not sufficient to relieve the case from the bar of the statute (*Edwards* v. *Smith*, 102 *Ga.* 19 (1), 29 S. E. 129), especially where, as here, it appears from the petition that the plaintiff was in actual possession of the purchased property for a period of more than seven years after the perpetration of the alleged fraud in connection with the sale, during all of which time there was nothing to prevent the discovery of the alleged deception, by the exercise of the ordinary powers of observation. The general demurrer was properly sustained. See also, *Sutton* v. *Dye*, 60 *Ga.* 449; *Marler* v. *Simmons*, 81 *Ga.* 611, 613; (8 S. E. 190), *Bailey* v. *Freeman*, 140 *Ga.* 71 (78 S. E. 423); *Kirkley* v. *Sharp*, 98 *Ga.* 484 (25 S. E. 562), where (unlike the instant case) an actual fiduciary relationship was alleged.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 1, 1922. REHEARING DENIED FEBRUARY 22, 1922.

Action for damages; from Banks superior court — Judge Fortson. April 25, 1921.

*J. C. Edwards & Sons,* for plaintiff.

*Charters, Wheeler & Lilly,* for defendant.

### ON MOTION FOR REHEARING.

JENKINS, P. J. Counsel for plaintiff in error contend that in rendering its decision this court must have overlooked the principles laid down in *Cade* v. *Burton*, 35 *Ga.* 280; *Knox* v. *Yow*, 91 *Ga.* 367 (17 S. E. 654); *McWhorter* v. *Cheney*, 121 *Ga.* 547 (49 S. E. 603); *Pollard* v. *Tait*, 38 *Ga.* 439. In the *Cade* case, supra, the Supreme Court held: "If one makes a sale of land by deed without warranty, but representing it to be his own, and afterwards convey the same land to a bona fide purchaser without notice, the period of limitations applicable to an action against him for the fraud is the same as that which would apply to an action for the land, to wit, seven years from the discovery of the fraud." Following this, in the *Knox* case, supra, it was said (p. 376): "A prescription under color of title would become complete after the lapse of seven years, and by analogy, the period of limitations applicable to the fraud complained of is the same as that which would apply to an ordinary action for the recovery of the land, viz. seven years from the discovery of the fraud." In the *McWhorter* case, supra, the principle was reaffirmed: "Equity follows the analogy of the law; and even in suits to recover land, when fraud is charged, it has been held that 'the period of limita-

tions applicable to an action  .  .  for the fraud is the same as that which would apply to an action for the land, to wit, seven years from the discovery of the fraud.'" It is accordingly argued that the instant action of deceit, as to its period of limitation, is not controlled by sections 4495, 4496 of the Civil Code (1910), which require actions for injuries to real or personal property to be brought within four years after the right of action accrues, but is tantamount to an action for the recovery of the land itself involved in the suit. "There is in this State no statute of limitations applicable to an action for the recovery of land" (*Gunter* v. *Smith,* 113 *Ga.* 18, 38 S. E. 374), the previous statute fixing the period at seven years, on which the *Cade* case was based, being held to have been abrogated by the Code of 1863. *Pollard* v. *Tait,* 38 *Ga.* 439. If, therefore, the contention be sound, the instant suit would not be barred by the four-year period or controlled by any other limitation.

The case at bar, however, neither seeks the recovery of land, nor can in any sense be regarded as a suit of that purpose and character. On the contrary, it seeks damages solely against the agent who negotiated the sale for the vendor, and in no wise proceeds against the vendor either to recover additional land, or its value as damages, or to cancel or reform the deed. The sole prayer is for damages on account of the alleged misrepresentations of the agent that the conveyed tract contained 38 acres, when in fact it contained only 22.6, and the theory of the amended suit is not for the recovery of something, which it is alleged did not exist, but a specified sum "being the proportionate part of the purchase-money in proportion to the deficiency in the number of acres as set forth." It is nowhere alleged that any specific tract or part of such tract was omitted from the deed, but the alleged deceit consisted solely in an alleged fraudulent misstatement of the acreage. The case is therefore not analogous to *Cade* v. *Burton,* supra, where the controversy was about a specific "strip of land," which the plaintiff alleged the defendant, in making deed to him, represented as belonging to the purchased tract; and the suit prayed a recovery of this land or "the value of the land, with rent." That suit was thus held tantamount to an action for the disputed land itself. Likewise in *Knox* v. *Yow,* supra, the plaintiff prayed that a conflicting deed be cancelled and "the land decreed to be

the property of herself and her child." In *McWhorter* v. *Cheney,* supra, the language of the Supreme Court is, " in suits to recover land, when fraud is charged."

It appears that the Supreme Court definitely determined in *Crawford* v. *Crawford,* 134 *Ga.* 114, 120, 121 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932), that an action such as this for fraud or deceit is for an injury to property, although the "property" consisted only of the sums defrauded, and held that such an injury is "to the personal property of the plaintiff." So far as the ruling in the instant case goes, it makes no difference whether such an alleged injury is to be regarded as one to personalty, as we consider it, or to realty. The principle involved, and the period of limitation under the statute, is the same in either event. The rule in the *Crawford* case has never been modified, but is reiterated in *Frost* v. *Arnaud,* 144 *Ga.* 26 (1), 29 (85 S. E. 1028). See also *Pledger* v. *Coulter,* 26 *Ga.* 443. Motion denied.