## HOLCOMB *et al. v.* CABLE COMPANY.

FISH, P. J. 1. When the name of a party to a suit is such as to import that the party is a corporation, there is a presumption to this effect, which prevails until the contrary is shown. *Mattox* v. *State,* 115 *Ga.* 219, and cit. The name, "The Cable Company," imports a corporation.

2. When the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between them ; and if it contains an express warranty of certain qualities in the article sold, an implied warranty of other qualities is excluded. *Malsby* v. *Young,* 104 *Ga.* 205 (4) ; *Bullard* v. *Brewer,* 118 *Ga.* 918.

3. Where, by the authority of the principal and in his name, an agent to sell gives an express warranty of certain qualities, the principal is not bound by a warranty as to other qualities, specifically reciting that it is given in the agent's individual capacity, unless he subsequently ratifies such act of the agent.

4. When in the contract of sale the vendor of a piano expressly stipulates that he will not be responsible for "tuning," he can not be held liable for a defect of that character in the instrument.

5. There was no evidence to authorize a verdict of a partial failure of consideration.

6. Attorney's fees can not be recovered in a suit on a note providing for the payment of the same, unless the plaintiff, his agent or attorney, notifies the defendant, in writing, ten days before suit is brought, of his intention to bring suit, and the term of the court to which the suit will be brought. Acts.1900, p. 53 ; Van Epps' Code Supp. § 6185.

7. Applying the principles above announced to the evidence in this case, the verdict rendered was demanded, except as to the attorney's fees. It is, therefore, directed that the judgment be affirmed, provided the defendant in error will, before the judgment of this court is made the judgment of the court below, write off from the judgment the amount recovered for attorney's fees ; and in the event this should not be done, then the judgment of the court below shall be reversed.

*Judgment affirmed, with direction. All the Justices concur, except Simmons, C. J., absent.*

Argued January 16, — Decided February 12, 1904. Rehearing denied March 3, 1904.

Complaint.　Before Judge Henderson.　City court of Vienna. April 22, 1903.

*J. T. Hill,* for plaintiffs in error.　*Crum & Jones,* contra.