DeLoach *et al. v.* Georgia Coast & Piedmont Railroad Co.

Atkinson, J. 1. An amendment offered but disallowed by the court is no part of the record, and consequently can not be considered by the Supreme Court unless it be set out in the bill of exceptions or annexed thereto as an exhibit and duly authenticated. *Moore* v. *Guyton,* 110 *Ga.* 330 (35 S. E. 339).

2. The petition contained, among others, the following allegations: The plaintiffs owned a tract of land containing eight acres, more or less, in a named city, bounded on the north, south, and west by the lines of a certain named person, and on the east by the right of way of the defendant railroad company. The defendant has a railroad running through the city, which railroad runs for 1400 feet within ten feet of the lands of the plaintiffs, on which they have a dwelling. The railroad was placed there by another company, which sold it to a second company, which changed its name to that of the defendant, "and it is liable at present for all the damages that the said railroad has occasioned to said property ever since it was first laid down, and is liable for all the damages that are now being done to said property by said road. . . The said railroad was built in the main street of the city of Glenville, near your petitioners' property, as aforesaid, without their consent, and they were no parties to letting the said road place its track, where it is; that before said road was built, as aforesaid, your petitioners' land lay alongside of the main street of said city a distance of 1400 feet, and the building lots bordering on said street were indeed very valuable, and there were several building lots bordering on said street that the said nuisance has caused to depreciate in value in a very large sum." The operation of the railroad causes a continuing nuisance and disturbance to any person occupying the lots, and creates

danger to the lives of persons and stock going on and from the premises. It has destroyed the value of the property for building purposes, as the noise made by the trains passing opposite the property makes it impossible for one to live in peace and safety so near the railroad. *Held*, that such petition was properly dismissed on demurrer.

3. While there is some vague suggestion that at one time the property, or some of it, abutted on the public highway, it is alleged in the present petition that at the time the suit was brought the property was bounded on that side by the right of way of the railroad company. The pleadings must be construed most strongly against the pleader; and these allegations are not sufficient to show that the plaintiffs were the owners of lots abutting on a public street in a city at the time the railroad was laid upon it longitudinally, and are still so, and that such lots have been damaged by the act of the defendant, so as to bring the case within the ruling in the case of *Athens Terminal Co.* v. *Athens Foundry & Machine Works*, 129 *Ga.* 393 (58 S. E. 891).

(*a*) In so far as the damage was done by the company which originally constructed the railroad, it was alleged that such company sold its road to another, which by a change of name became the defendant. A mere sale of its property by one railroad company to another does not alone make the purchaser liable for damages previously caused by the vendor. *Hawkins* v. *Central R. Co.*, 119 *Ga.* 159 (46 S. E. 82).

(*b*) In so far as the action rests upon the mere maintenance by the defendant of a nuisance created by another company from which it purchased, no demand was shown for an abatement. Civil Code, § 4458; *Southern R. Co.* v. *Cook*, 106 *Ga.* 450 (4), 453 (32 S. E. 585). In so far as it rests upon a claim for damages arising from the operation of the railroad, it is fatally defective for the reasons above indicated.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*

FEBRUARY 17, 1912.

Action for damages. Before Judge Rawlings. Tattnall superior court. October 5, 1910.

*Way & Burkhalter,* for plaintiffs.

*Hitch & Denmark, J. K. Hines,* and *E. C. Collins,* for defendant.