## 25225. TRAMMELL *v.* GEORGIA POWER COMPANY.

DECIDED JANUARY 31, 1936.

*A. L. Hardy, J. B. Peavy, Palmer & Wohlwender,* for plaintiff. *Colquitt, Parker, Troutman & Arkwright, George Huling, Foley & Chappell,* for defendant.

SUTTON, J.   In 1932, the plaintiff brought suit for damages on account of the destruction of the plaintiff's telephone business resulting from the erection by the defendant of its power lines adjacent to, over upon and across the telephone lines of the plaintiff, so close thereto and in such a negligent and careless manner as to allow electricity to escape from its wires to the plaintiff's telephone lines, and disrupt and interfere with the plaintiff's telephone service, ultimately destroying it.   The plaintiff alleged that the wires were so constructed by the defendant in the year 1927, and that immediately the wires began to interfere with and disrupt his telephone service and to damage him, and that the wires being so carelessly and negligently placed over the telephone lines finally resulted in the complete loss and destruction of the plaintiff's business.   The defendant denied that it built the electric lines, and contended that the action was in tort to recover damages, that the plaintiff's right was barred on the expiration of four years from its accrual, and that this particular right of action arose when the defendant is alleged to have constructed its lines over the plaintiff's lines and the alleged interference and the plaintiff's damage began, this date being in 1927.   It appeared that the electric lines were built by another power company, predecessor in title to the defendant company, and that the defendant company was not chartered until June 1930.   The judge granted a nonsuit, and the exception is to that judgment.

1. Where an act causing subsequent damage is of itself unlawful in that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute of limitation begins to run from the time the act is committed, however slight the damage then may be. *Silvertooth* v. *Shallenberger*, 49 *Ga. App.* 133 (2) (174 S. E. 365), and cit.

2. Moreover, the plaintiff alleged that the defendant erected the wires causing the damage to and loss of his business, while the evidence shows that another company, the predecessor in title of the defendant, erected the wires. In these circumstances, there was such a variance between the allegata and the probata as to justify the court's grant of a nonsuit. *Blackstock* v. *Southern Ry. Co.*, 120 *Ga.* 414 (2) (47 S. E. 902); *Southern Ry. Co.* v. *Cook*, 106 *Ga.* 450 (4) (32 S. E. 585). See *DeLoach* v. *Georgia Coast & Piedmont R. Co.*, 137 *Ga.* 633 (73 S. E. 1072), holding that the mere sale of its property by one corporation to another does not make the latter liable for damages previously caused by the former.

3. Under these rulings the court did not err in refusing to allow the plaintiff to amend his petition as follows: "The original construction of the lines of the Georgia Power Company over the lines of plaintiff was negligently done, which was a continuing negligence causing damage to plaintiff, but which said damage did not accrue until the year 1929, in that while the said power lines were negligently constructed and maintained in the beginning, they grew progressively more so until the year 1929, and about the month of July, 1929, they became so dangerous that they rendered the telephone system of your petitioner of no value," as this would not have prevented the grant of a nonsuit.

4. The judge did not err in granting a nonsuit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*