**William E. BUFALINO, Plaintiff-Appellant,**

v.

**The MICHIGAN BELL TELEPHONE COMPANY et al., Defendants-Appellees.**

**No. 18005.**

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1968.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1468.

William E. Bufalino in pro per.

Leslie W. Fleming and William P. Doran, Detroit, Mich., for appellees; A. H. Williams, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., on brief for appellees Michigan Bell Telephone Co. and its employees; James M. Smith, Jack H. Shuler, Detroit, Mich., of counsel; Robert Reese, Corp. Counsel, John E. Cross, Asst. Corp. Counsel, Detroit, Mich., on brief for other appellees.

Before WEICK, Chief Judge, and O'SULLIVAN and McCREE, Circuit Judges.

WEICK, Chief Judge.

This appeal is from an order of the District Court granting defendants' motions for summary judgment and to dismiss the second amended complaint.

The original complaint named as defendants "The Michigan Bell Telephone Company, Frank Kaminski, Robert Koss, and Does, One to Fifty, Inclusive." [1]

The complaint contained two counts. The first count set forth a claim for damages in the amount of $1,550,000, alleging that defendants tapped the telephone line serving plaintiff's residence and intercepted and divulged the contents of telephone calls of plaintiff, his wife and children, and also alleged that plaintiff's private, confidential and privileged conversations and communications with his clients were invaded, thereby causing serious harm to him in his profession as a lawyer and to the offices which he held. The second count was for damages in the amount of $2,100,000, al-

1. The Michigan Bell Telephone Company will be referred to as Michigan Bell or company.

leging a conspiracy to tap plaintiff's telephone lines and intercept and divulge the contents of telephone calls in violation of his contractual rights and his right to privacy.

Kaminski and Koss were servicemen, employed by Michigan Bell as testman and cable splicer, respectively. The fifty John Does were not identified and no process was served upon any of them.

The case had pended for about fifteen months, during which time there was extensive discovery, and the named defendants filed a motion for summary judgment. An evidentiary hearing was granted and additional testimony taken. The court took the motion under advisement.

Plaintiff's motion for leave to file his first proposed amended complaint was heard and denied by the court in a memorandum opinion because of the vague and conclusory nature of the allegations therein. Thereafter leave was granted to plaintiff to file a second amended complaint which would meet the pleading requirements set forth in the opinion of the court. In said complaint plaintiff named as additional defendants four Michigan Bell employees, a private detective, and fourteen police officers of the City of Detroit. The number of John Does was reduced from fifty to thirty-one.

The motion for summary judgment was amended and renewed and motions to dismiss were filed in behalf of Michigan Bell, its employees, and the fourteen police officers of the City of Detroit. The District Judge considered said motions together with the testimony taken in open court, affidavits, depositions of fifteen witnesses, records, documents, notes and memoranda produced in the discovery. He wrote a memorandum opinion, ruling that the only basis for federal jurisdiction was under Section 605 of the Communications Act of 1934,

47 U.S.C. Sec. 151 et seq.[2]; that plaintiff had failed to sustain his burden on the motion for summary judgment; that Michigan Bell and its employees did not violate the Act; that the claim against Michigan Bell and its employees and the Detroit policemen arising out of acts alleged to have occurred prior to January 20, 1964, was barred by the three-year Michigan statute of limitations, M.S.A. Sec. 27A.5805(7), Comp.Laws Mich.1948, § 600.5805 [P.A.1961, No. 236], that the filing of the second amended complaint did not relate back to the date of the filing of the original complaint because new parties were added in unrelated claims; that the conclusory allegations of fraudulent concealment contained in the complaint were insufficient to toll the statute of limitations. The dismissal was without prejudice to plaintiff's claims under state law for breach of contract and violation of privacy.

The filing of the lawsuit was precipitated by what occurred on June 10th and 11th, 1965, during the performance of necessary work by Kaminski and Koss in the transfer of lines in a cable as required by a transfer sheet prepared by the assignment department of the telephone company. Kaminski was stationed at the company's Valley District office and Koss was up on a telephone pole at a cable box in the vicinity of plaintiff's residence. They experienced difficulty in their work due to an error on the transfer sheet. In order to obtain the unknown telephone number of the line involved, Koss made a connection at the cable box between the line and Kaminski's test desk so that the latter could ring out on the line. When he rang out, an unidentified woman answered. This woman was plaintiff's wife. She refused to give the telephone number to Kaminski and an argument ensued. Both Kaminski and Koss were on the line. Mrs. Bufalino overheard conversations be-

2. The pertinent provision of the Act is:
" * * * [N]o person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person."

tween the two men. In making the connection and asking for the telephone number, the employees were following usual testing procedures.

On the following day Kaminski obtained the telephone number from the assignment department and also instructions as to how to correct the transfer sheet. The line was then transferred by Koss. Kaminski called the number he had obtained from the transfer office to verify the fact that the line was working properly. Koss was on the line. The same woman answered the call and refused to confirm the number or identify herself. She asked Kaminski to call her husband at another number. Kaminski called Bufalino, who recorded the conversation. Koss was also on the line and talked to Bufalino. They had an extended argument.

Following the telephone conversation, Bufalino telephoned an executive of the Michigan Bell and complained about his telephone line being tapped by Kaminski and Koss. He later called another representative of the company on the telephone and made the same complaint. In his conversations with the two representatives of the company he related in detail his conversations with Kaminski and Koss and Mrs. Bufalino's conversations with Kaminski. Mrs. Bufalino also called a representative of Michigan Bell and made a complaint.

Immediately Michigan Bell caused an investigation and interviewed both employees, Kaminski and Koss, who related what happened and the substance of their telephone conversations with Mr. and Mrs. Bufalino.

It is the contention of Bufalino that the employees of Michigan Bell violated Section 605 of the Act by intercepting and divulging the telephone communications.

■■ In the first place, there was no interception by Kaminski. The calls were placed by him. He was the sender of the message and intercepted nothing. No liability attached merely because he made the calls. Koss was on the line with Kaminski's knowledge and consent, to assist in the performance of routine duties of their employment. Consent would necessarily be implied for without it neither employee could perform his duties.

■■ In order to constitute a violation of Section 605 there must be both an interception and a divulgence. There is no violation if interception was authorized by a party to the conversation. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); Flanders v. United States, 222 F.2d 163 (6th Cir. 1955). Here the alleged interception by Koss was authorized by Kaminski.

■ The Act was never intended to prevent a telephone company from installing, repairing or testing its lines. If appellant's contentions were upheld, the telephone company could not carry on its business.

■ Nor do we think that plaintiff can complain about any divulgence by the employees to their employer of the telephone conversations which they had with plaintiff and his wife, when he and his wife instigated the investigation that brought it about. Bufalino told the court, "I wanted an investigation." He got it. The company interviewed its two employees. Bufalino is chargeable with foreseeing that in the investigation the company would call upon its employees to explain and relate what had happened. Furthermore, Bufalino related his version of the same conversations to representatives of the company when he made his complaints. There was no proof that the employees related the conversations to any person other than an executive or representative of the company.

In our judgment there was no liability on the part of the company or any of its employees under Section 605 of the Act for the incidents which took place on June 10th and 11th, 1965.

In his second amended complaint, which added new parties, plaintiff alleged incidents which took place in 1962 and 1963, involving the installation of

telephones at 15415 Mack Avenue, Detroit, Michigan, and the claimed wire tapping of plaintiff's telephone by the Detroit police. This complaint was not filed until January 20, 1967. Defendants contend that the claim is barred by the Michigan three-year statute of limitations M.S.A. 27A.5805(7).[3]

It is settled that state statutes of limitation apply in the absence of federal legislation on the subject. International Union, United Auto, Aerospace and Agr. Implement Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Hire v. E. I. DuPont DeNemours & Co., 324 F.2d 546 (6th Cir. 1963); Englander Motors Inc. v. Ford Motor Co., 293 F.2d 802 (6th Cir. 1961). The state statute of limitations which best effectuates federal policy should be applied. Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967). We believe the three-year statute falls within this category.

Plaintiff contends that since the original complaint was filed on July 12, 1965, the amendment should relate back to that date, relying on Rule 15(c) Fed.R.Civ.P. In order to relate back, however, the claim must arise out of the conduct, transaction or occurrence set forth in the original complaint. The only specific acts charged in the original complaint related to the conduct of Kaminski and Koss in June, 1965. The named defendants were the company and two of its employees. The claim against the Detroit police, which was alleged to have arisen in 1962 and 1963, obviously did not grow out of the 1965 occurrences but was separate, distinct and independent.

Nor can the defendants who were added by the amendment be deemed to have been parties to the original complaint under the fictitious designation of "Does." The action was never commenced as to the "Does" because they were not identified nor served with process. The statute of limitations is not tolled in the absence of service of process or otherwise acquiring of jurisdiction. M.S.A. 27A.5856, Comp.Laws Mich.1948, § 600.5856 [P.A.1961, No. 236]; State Acc. Fund v. Catsman Co., 376 Mich. 194, 136 N.W.2d 21 (1965).

It is further contended by plaintiff that the allegation in the complaint that defendants fraudulently concealed their unlawful activities in order to escape detection, was sufficient to toll the statute of limitations.

Under Michigan law, in order to toll the statute there must be affirmative acts or misrepresentations. Mere silence is not sufficient. International Union, United Auto Workers of America, A. F. L. v. Woods, 337 Mich. 8, 59 N.W.2d 60 (1953); Draws v. Levin, 332 Mich. 447, 52 N.W.2d 180 (1952); De Haan v. Winter, 258 Mich. 293, 241 N.W. 923 (1932).

The acts or misrepresentations must be pleaded. Beaubien v. Beaubien, 23 How. 190, 64 U.S. 190, 16 L.Ed. 484 (1859); Janiszewski v. Behrmann, 345 Mich. 8, 75 N.W.2d 77 (1956).

If, however, plaintiff's cause of action is based on fraud, a different rule would apply. The original fraud is regarded as a "continuing affirmative act, and mere silence of the defendant is treated as a concealment." Dowse v. Gaynor, 155 Mich. 38, 43, 118 N.W. 615, 617 (1908); Draws v. Levin, supra; cf. Hathaway v. Hudson, 256 Mich. 694, 239 N.W. 859 (1932).

In *Draws*, the Court determined that there was no fraudulent concealment, but only after hearing the evidence. In our opinion, the issue as to whether the statute of limitations has been tolled by fraudulent concealment should be determined only after hearing the evidence as it relates to the defendants other than Michigan Bell and its employees who are dealt with in the consideration of their motion for summary judgment.

---

3. "(7) The period of limitation is three years for all other actions to recover damages for injuries to person or property."

Under the ruling of the District Court requiring the complaint to relate the claims of plaintiff to specific incidents rather than to general conclusory allegations, and upon consideration of the affidavit of defendant, Paul Quaglia, which affidavit implicated himself and defendants, George O'Connor, William Noseworthy and Sergeant William DePugh, in wiretapping incidents taking place in 1962 and 1963, we are of the opinion that plaintiff's complaint states a claim upon which relief can be granted as to said defendants with respect to incidents related in the affidavit.

We next consider the motion of Michigan Bell and its employees as renewed, with respect to incidents other than those occurring on June 10th and June 11th, 1965.

It will be noted that the Quaglia affidavit implicated only himself and three Detroit police officers. Quaglia's affidavit contained no charge that Michigan Bell or any of its employees had anything to do with the wiretapping incidents related therein. On the contrary, Bufalino offered oral testimony tending to prove that Michigan Bell had nothing to do with the wiretapping.

Albert C. Langtry, an employee of the telephone company, was called by plaintiff as a witness. Langtry was the employee who would have knowledge concerning any wire tapping activities of the company. He testified that he never had anything to do with tapping the Bufalino telephone line and had no knowledge of any such incident. He testified that the company's records indicate no claim was ever made by Bufalino that he suspected his line was being tapped, and he never made any investigation of wire tapping of Bufalino's lines. He further testified that to his knowledge no electronic or other equipment used to hear or record signals or oral conversations has ever been placed on Bufalino's line.

 With all of the evidence before the Court, Bufalino could not rest on the bare conclusory allegations of his complaint. He was required to set forth *specific facts* showing that there is a genuine issue for trial. Rule 56(e) Fed. R.Civ.P. This he failed to do. He admitted in his deposition that he had no proof of intercepted communications other than the incidents involving Koss and Kaminski in 1965.

 Summary judgment was authorized because, considering the evidence in the light most favorable to plaintiff, the District Court would be required to direct a verdict in favor of the Telephone Company and its employees. Wilcox v. Transamerican Freight Lines, Inc., 371 F.2d 403 (6th Cir. 1967).

 It should be pointed out further that the second amended complaint did not meet the pleading requirements set forth in the memorandum opinion of the District Court granting leave to file it. Except for the allegations with respect to Kaminski and Koss, and the installation at Mack Avenue in 1962 and 1963, the complaint did not relate the claims to specific incidents, but contained general charges of conspiracy, wire tapping, and violation of contractual and constitutional rights over a period of years. The Court had the power to require pleading of specific incidents of wire tapping and the dates in order that the defendants would be informed of the charges that they would have to meet. The Court was correct in ruling that the complaint did not state a claim upon which relief could be granted with respect to the general charges. Jurisdiction is not conferred on a federal court in a non-diversity case by mere conclusory allegations that one's constitutional or civil rights have been violated.

 In our judgment the fifteen months' time allowed for discovery was adequate. The Court did not err in denying additional discovery.

We agree with the District Court's disposition of the non-federal claims.

The judgment of the District Court in favor of the appellees, Paul Quaglia, George O'Connor, William Noseworthy and William DePugh, is reversed and the cause is remanded as to them for

further proceedings consistent with this opinion. The judgment of the District Court in favor of the remaining appellees is affirmed. Each party shall pay his own costs.