## 46713.   CRAWFORD v. McDONALD.

CLARK, Judge. This is an appeal by a plaintiff-patient from a summary judgment for defendant-physician in a malpractice action based on an occurrence during an operation for a kidney ailment. The allegation is that the surgeon "without further authorization" did "cut, sever and then closed up veins leading down from her right leg." Thereafter by an amendment denominated Count II she alleged fraudulent conduct by the doctor in that he did not disclose to her that he had severed the vein and further failed to note such vein severance as a part of her medical history in the hospital records.

The operation occurred November 19, 1966, with plaintiff being discharged from further treatment on December 7, 1966. This suit was filed December 4, 1969, and after deposing plaintiff the defendant filed a motion for summary judgment based on the applicable two-year statute of limitation (*Code Ann.* § 3-1004); *Breedlove v. Aiken,* 85 Ga. App. 719 (70 SE2d 85). This summary judgment motion is based on the testimony given by plaintiff during an extensive cross examination deposition wherein she was interrogated at length concerning her past and postoperative medical history. Plaintiff sought by her affidavit to rebut the contentions which the defense had derived from her deposition. She now asserts she did not discover the alleged negligence of November 19, 1966, until December 7th of the following year, so that the suit filed December 4, 1969, was within the statutory period of two years from date of discovery.

Plaintiff also sought at that stage to keep her action in court by the amendment which added Count II to the

complaint alleging fraud through wilful non-disclosure and the omission of any entry on the hospital charts concerning the alleged unauthorized severance of the vein leading to the leg.

We recognize the correctness of the rulings in *Tabor v. Clifton,* 63 Ga. App. 768, 771 (12 SE2d 137), dealing with the confidential relationship between physician and patient, the duty of the physician to inform the patient of the nature and character of any operation that is performed, and that where the physician goes beyond his authority and conceals such fact from the patient that his failure to inform the patient constitutes a fraud on the patient and tolls the statute of limitation. See also *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (174 SE 365); *Bryson v. Aven,* 32 Ga. App. 721 (124 SE 553); *Phipps v. Wright,* 28 Ga. App. 164 (110 SE 511); *Persons v. Jones,* 12 Ga. 371 (58 AD 476); *Edwards v. Monroe,* 54 Ga. App. 791 (189 SE 419).

None of these cases apply to the instant situation because plaintiff by her own testimony (record pages 149, 150 and 151) acknowledged that as soon as she was conscious after the kidney surgery of November 19, 1966, she realized there was something wrong with her leg and that she continued to suffer thereafter from thrombophlebitis.

A plaintiff must exercise reasonable diligence to learn of the existence of a cause of action. *Breedlove v. Aiken,* 85 Ga. App. 719, supra. "Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation." *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424, 426 (151 SE2d 481). See also *Mobley v. Murray County,* 178 Ga. 388 (1) (173 SE 680), stating that "the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.'" The testimony contained in the deposition of plaintiff shows that she had knowledge from her suffering due to the thrombophlebitis in No-

vember, 1966. This knowledge was sufficient to commence the running of the statute of limitation. A case similar in nature is reported in Cheney v. Syntex Laboratories, 277 FSupp. 386 (N. D. Ga.) Here the cause of action was based upon drugs that were last taken on April 12, 1965, with the side effects appearing April 20, 1965, resulting in hospitalization because of an embolism developing April 26, 1965. When the suit was filed April 25, 1967, it was ruled that even though the injury complained of occurred within the limitation period, nevertheless the action was barred because the basis was the medicine that had been last administered on April 12, 1965.

Plaintiff sought by her affidavit to fill the holes but in doing so she relies upon hearsay evidence, relating what was told to her by a doctor who treated her in December, 1967, and who purportedly then informed her of the discovery that the vein had been cut and that he had found suture material therein. No affidavit was obtained from this physician and he was not summoned to testify, so that plaintiff relies solely upon hearsay. *Code Ann.* § 81A-156 (e) provides that evidence, whether by deposition or by affidavit ". . . shall show affirmatively that the affiant is competent to testify to the matters stated therein." In *Matthews v. Wilson,* 119 Ga. App. 708, 711 (168 SE2d 864), this court held that "the same rule applies to depositions, interrogatories and other evidence submitted on motion for summary judgment under the principle that admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would be inadmissible on motion for summary judgment." In accord are *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697); *Standard Oil Co. v. Harris,* 120 Ga. App. 768 (172 SE2d 344). This last case specifically held that "the rules of evidence apply in summary judgment proceedings, as is provided by the statute, and the hearsay rule pro-

scribes any consideration of Mrs. Barnes' testimony as to what she was told concerning the incident, or what she may have learned from others." P. 775.

The recent case of *Parker v. Vaughn,* 124 Ga. App. 300 (183 SE2d 605) holding that a continuing tort occurs when a surgeon negligently leaves an undetected foreign object in the body of his patient does not require a different ruling in the case sub judice because this court there pointed out the statute of limitation does nevertheless run if the patient by ordinary care could have learned of the presence of the foreign object. Furthermore, in the present case, the only reference to suture material having been left in the vein is hearsay, the plaintiff quoting this as being told to her by the subsequent physician, from whom no testimony has been provided. Being hearsay it is without probative value.

Plaintiff is unable to excuse her failure to file suit within the statutory period on the basis of the alleged fraud in non-disclosure by the doctor to the patient and by the absence of an entry in the hospital records. "Fraud which must have been discovered if usual and reasonable diligence had been exercised, is not a good reply to the statute of limitations." *Sutton v. Dye,* 60 Ga. 449. As the great Justice Logan Bleckley in his inimitable style with typical metaphorical allusions said in that decision: "Diligence to detect fraud is as much incumbent upon a party who labors under no disability, as to do any other act in which his interest is involved. He must look about him, and see what villainies environ him. If he has been caught in a net, he must feel for the meshes." In the case at bar the patient acknowledges the leg pains to have occurred immediately after the operation and that she continued to suffer through the years. Ordinary diligence would have required her to discover that this did not result from a kidney operation. "Ignorance of fraud which, by use of ordinary diligence, might have been discovered in due time, will not hinder the statute of limitations from running." *Freeman v. Craver,* 56 Ga. 161 (2).

See also *Kirkley v. Sharp*, 98 Ga. 484, 489 (25 SE 562).

Where the evidence produced in a motion for summary judgment entitles the party to judgment through piercing the allegations of the pleadings and showing that there is no general issue of material fact, the summary judgment motion should be sustained. *Crutcher v. Crawford Land Co., Inc.*, 220 Ga. 298 (3) (138 SE2d 580); *Scales v. Peavy*, 103 Ga. App. 42 (118 SE2d 193); *General Gas Corp. v. Carn*, 103 Ga. App. 542 (120 SE2d 156); *French v. Norman*, 124 Ga. App. 567 (184 SE2d 663).

*Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.* SUBMITTED NOVEMBER 3, 1971—DECIDED JANUARY 13, 1972.

*C. W. Milam, Joseph S. Crespi*, for appellant.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Jr.*, for appellee.