Jennie **ALIOTO** a/k/a Loretta Fisher, Plaintiff,

v.

John A. **HOLTZMAN** et al., Defendants.
No. 69–C–511.

United States District Court,
E. D. Wisconsin.

Feb. 17, 1972.

See also D.C., 320 F.Supp. 256.

---

Joseph P. Balistrieri, Milwaukee, Wis., for plaintiff.

Shea, Hoyt, Greene, Randall & Meissner by Ralph J. Ehlinger, Milwaukee, Wis., for Ogden & Co.

Marvin E. Klitsner and Philip Wettengel, Milwaukee, Wis., for Nelson, Stein and Wis. Tel. Co.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Ogden & Company has moved for summary judgment, advancing the arguments that it is immune from suit, that it did not participate in any "actionable activity", and, finally, that the statute of limitation bars plaintiff's claim against it.

█ I find no immunity running to the defendant Ogden & Company. In my opinion, § 946.40 Wis.Stats., which penalizes one who refuses or fails, upon command, to aid a peace officer, cannot be construed as giving immunity under the circumstances charged by the plaintiff in this case.

Although the defendant urges that it did not participate in any actionable activity, this is merely a disavowal of the allegations of the complaint. In paragraph 14 of the complaint, it is averred by the plaintiff that certain defendants eavesdropped through a microphone surreptitiously installed on the premises, and that this was done by certain of the defendants, including Ogden, "in combination and conspiracy with one another. . . . ."

█ The moving defendant has annexed to its motion portions of a deposition given by the plaintiff and urges that she was able to assert no facts to support her claim that Ogden participated in the alleged conspiracy. Even if the court construes her statements in

the manner ascribed thereto by the moving defendant, it does not entitle Ogden to summary judgment. It is only after the plaintiff has rested her case that the court will be in a position to determine whether a prima facie claim has been established.

Although the defendant argues that the statute of limitations has run, the plaintiff asserts that she was unaware of any electronic monitoring until October 18, 1967, when the defendant Holtzman made certain disclosures concerning the bugging. The inherent nature of electronic eavesdropping presupposes concealment from the person under surveillance.

I conclude that the situation at bar is broadly analogous to those cases in which fraud is alleged; the cause of action is not ripe until the injured party becomes aware of the fraud. In Ihlenfeld v. Seyler, 236 Wis. 255, 262, 295 N. W. 26, 29 (1940), the court considered the application of the statute of limitations, 330.19(7) Wis.Stats., and concluded that ". . . plaintiff's claim did not accrue until she discovered the facts constituting fraud." Accordingly, the statute of limitations is not a defense in the case at bar.

For reasons which are not clear to me, the plaintiff has filed a so-called "motion" asking the court to deny Ogden's motion for summary judgment. The filing of the plaintiff's motion is a completely superfluous act; the plaintiff accomplishes the same end by opposing the defendant's motion for summary judgment. The court's ruling on the motion for summary judgment fully disposes of the matter, and accordingly, no action will be taken on the formal "motion" of the plaintiff.

Now, therefore, it is ordered that the motion of the defendant Ogden & Company for summary judgment be and hereby is denied.