47262.   CAROLINE REALTY INVESTMENT, INC. v.
KUNIANSKY et al.

Argued May 23, 1972—Decided October 12, 1972.

*Moore & Morris, Charlie E. Moore, Jr., W. Grady Morris,* for appellant.

*Shoob, McLain & Jessee, M. David Merritt, Greene, Buckley, DeRieux & Jones, James A. Eichelberger, Parks & Eisenberg, Poole, Pearce, Cooper & Smith, Walter G. Cooper,* for appellees.

Bell, Chief Judge. ■ *Defendant M. K. Construction Corp.* This defendant was made a party on the allegation that it had contracted with the defendant Kuniansky for the construction of the building. In the answer to the complaint, M. K. Construction Corp. pleaded that it was not in existence at the time when the building was constructed in 1965 or 1966 and did not come into being as a legal entity until July 30, 1968, and affidavits and defendant Kuniansky's deposition factually support this defense. In addition there is in the record a copy of a warranty made at the time of the sale of the building from defendant Kuniansky

to the plaintiff and it recites in part as follows: "Max L. Kuniansky, as sole proprietor of M. K. Construction Company," and the warranty was executed by Kuniansky. This defendant's showing prima facie reveals that it was not in existence as a legal entity at the times involved and therefore it cannot be liable to plaintiff. The plaintiff argues the doctrine of incorporation by estoppel and relies upon answers to interrogatories made by some of the other defendants who were subcontractors, that they dealt with the M. K. Construction Company. It has been held that the term "company" imports a corporation until the contrary is shown. *Holcomb v. Cable Co.*, 119 Ga. 466 (46 SE 671). The contrary has been shown by the evidence supporting the motion. No issue of fact has been raised on the theory of incorporation by estoppel as between plaintiff and this defendant. There is nothing in the record showing any dealings between the plaintiff and this defendant in the capacity as a corporate entity or any holding out to the public as a corporation other than the use of the trade name M. K. Construction Company. *Adams v. Overland-Madison Co.*, 27 Ga. App. 531 (109 SE 413). The evidence shows that the M. K. Construction Corporation was not in existence at the time germane to this suit. We affirm the grant of the motion for summary judgment.

■ *Defendant Kuniansky.* Plaintiff alleged negligent construction against this defendant, fraudulent concealment of known defects and also breach of an express warranty which Kuniansky gave to the plaintiff when the building was sold to the plaintiff. In his brief the plaintiff has tacitly admitted that the theory of recovery on the grounds of negligence has been disposed of adversely to him by our decision in *Welding Products of Ga. v. Kuniansky*, 125 Ga. App. 537, supra. As to the count of the complaint alleging fraudulent concealment of known defects, the plaintiff in its brief makes no argument or citation of authority. We therefore treat this theory of liability as abandoned. *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813 (168 SE2d 827).

Plaintiff argues only the issue of the breach of the ex-

press warranty. The warranty provided that the seller-builder, Kuniansky, "will for a period of one year from August 1, 1966, make all repairs to the said Marietta Boulevard Property, including all improvements made by Max L. Kuniansky thereon which become necessary due to defects of any kind because of faulty material and/or faulty workmanship." The roof collapsed in 1970. The plaintiff argues that this warranty, the one year limitation on the warranty, does not apply but rather he argues that the six-year limitation found in *Code* § 3-705 would apply to this warranty. This argument has no merit, for the warranty is clear and explicit in its terms that it was only for a period of one year. The collapse of the roof occurred much after the expiration of this one-year warranty. Consequently, we affirm the grant of the motion for summary judgment to defendant Kuniansky.

■ *The defendant S. D. Mullins Company, Inc.* This defendant, a subcontractor, supported its motion for summary judgment by the identical affidavits used in the case of *Welding Products of Ga. v. S. D. Mullins Co.,* supra. The original complaint in general only alleged negligence against this subcontractor in the construction of the roof. An amendment to the complaint alleged "The construction of the roof, the building involved and the structural steel framing of the roof was inherently dangerous to persons and property in said building." Our holding in the *Welding Products* case, supra, is dispositive of the question here as the affidavits submitted in support of the motion for summary judgment are insufficient to pierce this allegation that the construction was inherently dangerous to third persons, a role occupied by the plaintiff, as there was no privity of contract between the plaintiff and this defendant subcontractor.

Although this defendant pleaded the four-year statute of limitation, no issue has been made on that question on appeal and it has not been argued by either side. Consequently, we do not pass upon it. As the motion for summary judgment went totally to the merits of the claim, we

have no alternative but to reverse the grant of the motion for summary judgment as to this defendant,

■ *The defendant R. F. Burton Company.* Although the trial court in its order stated that it was granting the motion to dismiss for failure to state a claim for relief against this defendant, matters outside the record were obviously considered by the court and the motion must be treated as one for summary judgment. This defendant also pleaded the running of the statute of limitation. We need not pass upon that part of the motion and the argument which go to the merits of the case. The defendant contends that the four-year statute of limitation has run and has barred the plaintiff's claim. This position is well taken. This plaintiff is the owner of the property and is not a sub-tenant as was the case in the *Welding Products* cases. It is undisputed that the construction work done by this defendant was performed sometime prior to August 1, 1966. On the latter date the property was sold by the defendant Kuniansky to the plaintiff. The roof did not collapse until 1970, and the suit was not commenced against this defendant until more than four years after the construction work was done. Under these facts, this plaintiff's right of action against this defendant accrued at the time when the defendant committed the acts complained of which resulted in work that was inherently dangerous to others. Obviously the acts had to have been performed sometime prior to August 1, 1966, and not when the building collapsed. The alleged negligence in the construction of the roof in and of itself constituted a legal injury to the plaintiff, as slight as the actual damages may have been at the time. *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424 (151 SE2d 481). The order granting judgment to this defendant is affirmed.

*Judgments affirmed, except the judgment in favor of S. D. Mullins Company, Inc., which is reversed. Evans and Stolz, JJ., concur.*