## 49753. WEBB v. LEWIS.

WEBB, Judge.

On or about June 17, 1966, Allie Mae Webb bought from Howard R. Lewis, whose business is that of building and selling houses, a house and lot in Augusta. The purchaser alleges that: Lewis represented to her that this was a good, average and fair quality house and lot; as time passed, she began having sanitation and water problems with the premises, and in August, 1969, she realized for the first time that there was something basically and inherently defective in the construction of the dwelling and in the composition of the sub-soil of the lot; cracks were beginning to appear in the exterior and interior walls, the house was sloping, several windows would not close properly, and she learned that this house and lot were situated on a filled-in area where the Augusta city dump was once located; also, a small stream once ran in the area where the house had been built. The purchaser further alleged that at the time of purchase these conditions were unknown to her, but were well known to the seller and he did not disclose them to her. Her complaint filed in February, 1973, against the seller charging fraud and deceit, seeks recovery of $17,000 for what would have then been the worth of the house had it been built on a good, average and fair quality lot, plus $10,000 punitive damages, and $10,000 expenses of litigation.

The seller denied all material allegations of the

purchaser's complaint, and raised the defenses of laches, statute of limitations, and estoppel by conduct and knowledge. Upon trial there was a directed verdict for the seller, on the grounds, in the trial court's words, that "I don't think she's shown any misrepresentations made on the part of the seller and I don't think she has brought action within the time knowledge of the condition was first brought to her attention in 1968. . ."

The evidence discloses, without dispute, that the seller knew at the time he built and sold the dwelling the area of its location was a land-fill and that it had once been the city garbage dump, but there seems to be no evidence that at such time the builder had knowledge that the lot upon which the purchaser's house was built was unstable or otherwise unsuitable. There is no evidence that he ever disclosed to the purchaser the site was a land-fill area, and there is evidence that this was a subdivision where other dwellings were in existence and under construction, and that the purchaser saw the lot and dwelling before purchase. The purchaser testified that there were cracks in the ceiling, one bedroom, and in the hall when she examined the house in 1965 before purchase, that the floors first appeared uneven to her in 1968, that cracks in the outside brick first appeared in 1968, cracks on the interior walls appeared in 1968, that in 1968 "the porch start cracking and 'round the windows, it just wasn't a home to be living in," and it was then, about 1968 and some time prior to 1969, that somebody advised her that the dwelling was built in a dump area.

1. The purchaser contends that the seller knew that the lot upon which the house was erected was on a land-fill formerly used as a garbage dump by the City of Augusta, that he failed to tell her this, and this omission of an alleged duty on his part constituted legal fraud and deceit. Assuming arguendo that such failure to disclose constituted legal fraud and deceit on the part of the seller, it nevertheless appears that the four-year period of limitation, which the parties agree is applicable, bars the present action.

"When the question is raised as to whether an action is barred by a statute of limitations, the true test to

determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result' . . . *A right of action has its inception from the time there has been a breach of duty;* and this would entitle the party to file a suit for the breach, without regard to whether any actual damage had in fact resulted." *Mobley v. Murray County,* 178 Ga. 388 (1) (173 SE 680). (Emphasis supplied.)

"The test to be generally applied in determining when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act complained of does not in and of itself constitute an invasion of some legal right, but a recovery is sought only on account of damage subsequently accruing from and consequent upon an act not in itself tortious, the cause of action will be taken to accrue and the statute to begin to run only when the resultant damage is sustained. But if the act causing such subsequent damage [in this case, failure to disclose that the lot was on a land-fill] is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time such an act is committed, however slight the damages then may be." *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (2) (174 SE 365); *Trammell v. Ga. Power Co.,* 52 Ga. App. 514 (1) (183 SE 825).

"Contrary to the contention of the plaintiff, its right of action against the defendants accrued when the defendants committed the negligent acts complained of and not when the building ultimately collapsed as a result of such negligence. The alleged negligent design and construction of the building in and of itself constituted a legal injury to the plaintiff, however slight the actual damages may have been at the time; this is true, notwithstanding the fact that the plaintiff had no knowledge of such wrongs having been committed until the roof collapsed some four years later. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation." *Wellston Co. v.*

*Sam N. Hodges, Jr.; & Co.,* 114 Ga. App. 424, 425 (151 SE2d 481); *Everhart v. Rich's, Inc.,* 229 Ga. 798 (3), 803 (194 SE2d 425). See *Caroline Realty Investment, Inc. v. Kuniansky,* 127 Ga. App. 478, 482 (194 SE2d 291).

A plaintiff must exercise reasonable diligence to learn of the existence of a cause of action. *Crawford v. McDonald,* 125 Ga. App. 289, 290 (187 SE2d 542).

2. The purchaser urges that the statute of limitation was tolled until her discovery of the "fraud," that is, the failure of the seller to tell her that her lot was at one time a land-fill or garbage dump. Code § 3-807 provides: "If the defendant, or those under whom he claims, shall have been guilty of *a fraud by which the plaintiff shall have been debarred or deterred* from his action, the period of limitation shall run only from the time of the discovery of the fraud." (Emphasis supplied.)

"The fraud, mentioned in this statute, which is necessary to toll the statute of limitations until the discovery of the fraud which gives rise to the cause of action, must be actual fraud, involving moral turpitude, which 'debars and deters' the plaintiff from his action; and while the fraud that gives rise to the cause of action may or may not be considered as a circumstance which incidentally aids in the establishment of the fraud which 'debars or deters' the plaintiff from his action, yet the establishment of the fraud that gives rise to the cause of action does not necessarily establish the fraud that 'debars or deters' the plaintiff from his action mentioned in the Code, § 3-807.

"Fraud which tolls the statute of limitations must be such actual fraud as could not have been discovered by the exercise of ordinary diligence, in the absence of any confidential relation. *Frost v. Arnaud,* 144 Ga. 26 (85 SE 1028)." *Middleton v. Pruden,* 57 Ga. App. 555 (196 SE 259); *Crawford v. Crawford,* 134 Ga. 114, 123 (67 SE 673); *Anderson v. Foster,* 112 Ga. 270 (37 SE 426); *Clinton v. State Farm Mutual Automobile Ins. Co.,* 110 Ga. App. 417, 422 (138 SE2d 687).

"Mere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations." *Davis v. Boyett,* 120 Ga. 649 (2) (48 SE 185); *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App.

424, 425, supra; *Priest v. Exposition Cotton Mills,* 86 Ga. App. 301, 305 (71 SE2d 743).

Concealment of a cause of action, in order to toll the statute of limitation, must be by a positive affirmative act and not by mere silence. *Ponder v. Barrett,* 46 Ga. App. 757 (2) (169 SE 257).

The burden is upon the party asserting the existence of a confidential or fiduciary relationship to show it affirmatively. The fact that the plaintiff and the defendant are brothers does not of itself create a confidential relation between them. "[T]he burden is upon the party asserting the existence of such relationship to affirmatively show the same." *Crawford v. Crawford,* 134 Ga. 114 (1), supra; *Phipps v. Wright,* 28 Ga. App. 164 (110 SE 511).

We hold that even if the statute of limitation was not tolled until the purchaser "discovered" the alleged fraud, still under the purchaser's own testimony, indicating that she was told about the "land-fill" in 1968, this action which was commenced in February, 1973, was barred. She knew that something was amiss about the construction of her dwelling as early as 1968, if indeed we disregard her knowledge that there were cracks in the walls when she purchased it. This knowledge of the land-fill on which she bases her claim of fraud and deceit commenced the running of the statute of limitation of 1968, if indeed the running of the statute had not commenced in 1966.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED OCTOBER 15, 1974.

*Harris, Chance & McCracken, William R. Mc-Cracken,* for appellant.

*Burnside, Dye & Miller, Thomas R. Burnside, Jr., Michael C. Garrett,* for appellee.