Jack L. SCHATZKE, Carl Pfantz, Fred Will, Jr., James K. Campbell, Sr., Paul W. Warner, Vesper E. Holtz, William E. Singsime, Lyle R. Kuckkan, and Arthur E. Leadingham, Plaintiffs-Appellants,

v.

Anthony EARL, Phillip Paske, a/k/a Phillip Paskey, and Gordon Landphier, Defendants-Respondents.†

Court of Appeals

No. 82–1748. Submitted on briefs August 29, 1983.— Decided October 1ĭ, 1983.
(Also reported in 340 N.W.2d 745.)

For the appellants the cause was submitted on the briefs of *Roy T. Traynor* of Wausau and *David A.Saichek* and *Saichek & Hertel, S.C.,* of Milwaukee.

† Petition to review denied.

For the respondents the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Charles A. Bleck,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J. Appellants appeal from a judgment dismissing their complaint for damages under 42 U.S.C.A. § 1983 (West 1981), for a violation of their right to privacy. They contend that the placement of a concealed listening device, intended to overhear their private conversations, was a violation of their right to privacy under the United States Constitution.[1] Because none of the appellants' private conversations were overheard, we conclude that there was no violation of their right to privacy, and we affirm the judgment dismissing their complaint.

In 1978, an employee at the Wisconsin Department of Natural Resources equipment and repair shop in Tomahawk discovered a concealed listening device attached to the coffee table in the employee lunchroom. Supervisor Phillip Paske admitted that he placed the device. Because the findings of a recent management audit criticized Paske's job performance, the shop employees believed Paske had placed the listening device to overhear conversations about himself. The employees filed this action because they were dissatisfied with the DNR's investigation. After trial, the jury returned a special verdict that found, in part, that Paske did not overhear any of the appellants' private conversations.

Appellants' complaint was properly dismissed because Paske did not violate their right to privacy. There are

---

[1] Because the appellants failed to prove their cause of action, we need not decide the other issues they have raised.

two elements essential to a § 1983 action:[2] (1) The defendant's conduct must be committed under color of state law; and (2) this conduct must deprive someone of rights, privileges, or immunities secured by federal law or the United States Constitution. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). Only the second element is at issue here. Appellants do not challenge the jury finding that Paske did not hear any of their private conversations, but contend that his placing of the listening device was in itself a violation of their right to privacy.

While the appellants do have a right to keep their personal conversations private, they cite no authority, and we have found none, supporting their contention that the mere placement of the listening device was a violation of their right to privacy. Appellants' reliance on *Awbrey v. Great Atlantic & Pacific Tea Co.,* 505 F. Supp. 604 (N.D. Ga. 1980), is misplaced. *Awbrey* involved an action under 18 U.S.C. § 2520 for alleged wiretapping. The court in *Awbrey,* while not requiring "direct, admissible evidence of the interception, disclosure, or usage of the plaintiff's personal conversations," still required the jury to find by a preponderance of the evidence that the defendant did intercept, disclose, or use plaintiff's com-

---

[2] 42 USCA § 1983 (West 1981), states:

Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

munications before the plaintiffs were entitled to a judgment and damages. *Id.* at 607.[3]

The right to privacy is not a specific guarantee of the United States Constitution, and the Supreme Court has only gradually recognized that certain privacy rights are guaranteed by the Constitution. *See Paul v. Davis,* 424 U.S. 693, 713–14 (1976). Without supporting authority, we cannot consider Paske's actions to be an invasion of a protected privacy right. Since no actual invasion of the appellants' privacy occurred, it is immaterial whether Paske intended to overhear their conversations. *See Baker v. McCollan,* 443 U.S. 137, 140 (1979). Appellants failed to establish the second element of their § 1983 action, and their complaint was properly dismissed.

*By the Court.*—Judgment affirmed.

---

[3] *Wood v. Strickland,* 420 U.S. 308 (1975), is also distinguishable because an actual violation of the students' rights occurred there (they were expelled from school). *Wood* does not hold that an action taken with the intent to deny civil rights, even if reckless and malicious, is actionable under § 1983 if no actual deprivation occurs.