**STATE OF COLORADO, ex rel. Colorado Attorney General Duane WOODARD, Plaintiff,**

v.

**WESTERN PAVING CONSTRUCTION CO., Defendant.**

**Civ. A. No. 84–A–1483.**

United States District Court,
D. Colorado.

March 3, 1986.

Thomas P. McMahon, First Asst. Atty. Gen. Chief, Antitrust Unit, Enforcement Section, David S. Harmon, Asst. Atty. Gen., Antitrust Unit, Enforcement Section, Denver, Colo., for plaintiff.

B. Lawrence Theis, Walters & Theis, Denver, Colo., John Bodner, Jr., Marcia Press Kaplan, Howrey & Simon, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

### I.  BACKGROUND

On July 19, 1984, the State of Colorado filed this civil antitrust action against Western Paving Construction Company ("Western Paving"), an asphalt-paving construction firm in the Denver area, alleging violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (1980), and the Colorado state antitrust laws.[1] In the Sherman Act claim, plaintiff alleges that Western Paving conspired with other road paving firms to rig bids for Colorado highway construction projects. Plaintiff alleges in the complaint that the conspiracy existed "as early as January 1971" and extended "at least to sometime in 1978." Because the complaint does not allege a conspiracy within the four-year statute of limitations period, i.e., 1980—1984, the complaint alleges that the statute of limitations should be tolled due to Western Paving's fraudulent concealment of the conspiracy. After much discovery, including depositions, interrogatories and other extensive document discovery, Western Paving filed this Motion to Dismiss for Failure to Comply with Rule 11 and this Motion for Summary Judgment. In support of its Motion to Dismiss, Western Paving asserts that the complaint lacks any factual or legal basis and was filed without reasonable inquiry, "in flagrant disregard" of the requirements of Rule 11 of the Federal Rules of Civil Procedure. Defendant prays for attorneys' fees and costs, as provided

for under Rule 11. In its Motion for Summary Judgment, which was evidently filed as an alternative to the Motion to Dismiss, Western Paving asserts that, as a matter of law, it did not conspire to rig highway project bids, at any time, and even if it had, the State has failed to establish the necessary elements of fraudulent concealment to toll the statute of limitations. In response to these motions, the State filed this Motion for Partial Summary Judgment. In its motion, the State contends that it is undisputed that Western Paving participated in a conspiracy to rig the bids on a particular highway project in 1971 (the Newcastle Easterly project) and that defendant's fraudulent concealment of the 1971 conspiracy tolls the four-year statute of limitations at least through August 1980. In support of its motion, the State has submitted the deposition testimony of Larry Corn, of Corn Construction Company. Mr. Corn testified that he contacted the president of Western Paving, Harold Stillman, and asked him to submit an inflated bid for the 1971 Newcastle Easterly job so that Corn Construction would get the job. According to Mr. Corn, Mr. Stillman agreed to submit a complementary bid.

The parties have thoroughly briefed all of the issues presented in these motions, and have submitted voluminous appendices containing affidavits, deposition transcripts and other documentation. Under these circumstances, I find that oral argument would be of no meaningful assistance. For the reasons set forth herein, plaintiff's Motion for Partial Summary Judgment is denied, defendant's Motion to Dismiss is denied and defendant's Motion for Summary Judgment is granted.

### II.  TOLLING OF STATUTE OF LIMITATIONS

Even if the State is able to establish that Western Paving participated in a conspiracy in 1971, the State must overcome de-

---

**1.** On September 7, 1984, I granted Western Paving's Motion to Dismiss the state antitrust count, rejecting plaintiff's claims of pendent jurisdiction.

fendant's claim that the statute of limitations bars recovery for a conspiracy which took place more than 13 years prior to the filing of the complaint. Section 4B of the Clayton Antitrust Act, 15 U.S.C. § 15b (1985 Cum.Supp.), requires that federal antitrust actions be commenced within four years of the date the cause of action accrued. 15 U.S.C. § 15b. Under this general rule, the statutory period has run on claims based on facts occurring prior to July 1980, four years prior to the filing of the complaint in this action. To overcome this defense, the State relies on the federal doctrine of equitable tolling.

The equitable tolling concept was enunciated by the Supreme Court in *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874). In that case, the Court recognized two situations in which the "strict letter of general statutes of limitation" will not be followed. First, the Court stated that "where the ignorance of the fraud has been produced by affirmative acts of the guilty party in *concealing* the facts from the other, the statute will bar relief." In the alternative, the Court stated "where the party injured by the fraud remains in ignorance of it without any fault or want of *diligence* or care on his part, the bar of the statute does not begin to run until the fraud is discovered." 88 U.S. at 348. These two concepts set forth by the Court in *Bailey* have come to be known as the "concealment" and "diligence" elements of the equitable tolling doctrine. See *Long v. Abbott Mortgage Corp.*, 459 F.Supp. 108, 113 (D.Conn.1978). In *Bailey*, which involved a claim for common law fraud, the Court recognized that the statute of limitations would be tolled if the plaintiff established either the defendant's concealment or the plaintiff's diligence.

The courts have applied the equitable tolling doctrine differently, depending upon the circumstances and underlying facts of each case. In actions based on fraud, the courts have continued to apply the test set forth in *Bailey, i.e.,* tolling requires proof of either plaintiff's diligence or defendant's concealment. See *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585,

90 L.Ed. 743 (1946); *Tomera v. Galt*, 511 F.2d 504 (7th Cir.1975); *Seiffer v. Topsy's International, Inc.*, 487 F.Supp. 653 (D.Kan.1980). However, in antitrust actions, the majority of the Circuits, including the Tenth Circuit, have developed a more stringent test for tolling the statute of limitations. To invoke the equitable tolling doctrine in the antitrust context, a plaintiff must plead and prove three elements: (1) affirmative acts of concealment by the defendant; (2) successful concealment from the plaintiff; *and* (3) plaintiff's due diligence until discovery of the facts. See *King & King Enterprises v. Champlin Petroleum Co.*, 657 F.2d 1147, 1154 (10th Cir.1981), *cert. denied*, 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982) (Involving cause of action for alleged violations of Sherman Act); *Berkson v. Del Monte Corp.*, 743 F.2d 53, 55 (1st Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1765, 84 L.Ed.2d 527 (1985) (Sherman Act); *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1169 (5th Cir.1979) (Sherman Act); *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570, 574 (4th Cir.1976) (Sherman Act); *Dayco Corp v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975) (Sherman and Clayton Acts); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 460 (2d Cir.1974) (Clayton Act). Fraud cases are treated differently because the original fraud is itself an act of concealment and is considered to be inherently more difficult for a plaintiff to discover. See *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir.1968), *cert. denied*, 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969) ("[T]o toll the statute there must be affirmative acts or misrepresentations.... If, however, plaintiff's cause of action is based on fraud, a different rule would apply. The original fraud is regarded as a 'continuing affirmative act, and mere silence of the defendant is treated as a concealment.'") Therefore, in antitrust cases, the equitable tolling doctrine requires proof of both the concealment and diligence elements.

The concealment element requires proof that the defendant engaged in *affirmative* conduct designed to lead a reasonable person to believe that he did not have a claim for relief. See *Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248 (9th Cir.1978). The diligence element imposes a positive duty on the plaintiff to use diligence in discovering its cause of action within the limitations period. *Dayco v. Goodyear Tire & Rubber Co., supra,* 523 F.2d at 394. Unawareness of facts or law, alone, does not justify suspending the operation of the statute. *Long v. Abbott Mortgage Corp., supra,* 459 F.Supp. 108, 117.

The State erroneously argues in its brief that it is not required to prove affirmative acts of concealment by Western Paving to toll the statute of limitations. The State evidently contends that proof of its due diligence, alone, is sufficient. The cases cited by plaintiff in support of this argument involve underlying actions for fraud.[2] As stated earlier, courts have historically not required proof of both defendant's concealment and plaintiff's diligence in fraud cases. Therefore, these cases are inapposite to the instant antitrust action. Plaintiff also relies on a misconstrued reading of *King & King Enterprises v. Champlin Petroleum Co., supra,* 657 F.2d 1147. In *King & King,* the Tenth Circuit Court of Appeals stated:

> The party asserting the fraudulent concealment doctrine has the burden of showing (1) the use of fraudulent means by the party who raises the bar of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence

could not have known that he might have a cause of action.

657 F.2d at 1154. The Court's decision to toll the statute was specifically based on a finding that "the defendant actively sought to conceal its price fixing activities." 657 F.2d at 1156. The State's assertion that *King & King* does not require proof of affirmative acts of concealment is based on *dicta* and is contrary to the holding in that case and the weight of authority in the antitrust area.[3]

With respect to affirmative acts of concealment in this case, the State has alleged, through its investigator James C. Miller, that the fraudulent concealment argument is based on the following affirmative acts: (1) Larry Corn's submission of false noncollusion affidavits in connection with the 1971 Newcastle Easterly job; and (2) Western Paving's representative falsely denying any wrongdoing during a May 1982 interview with the Colorado Department of Highways. (See Appendix to Memorandum of Defendant Western Paving Construction Company in Support of its Motion for Summary Judgment, at Exhibit 6, p. 4, and Exhibit 9, p. 118).

With regard to the noncollusion affidavits, the State alleges that Mr. Corn submitted, along with Corn Construction Co.'s bid, an affidavit stating that he had not been involved in collusive activities while bidding the 1971 Newcastle Easterly job. This allegation is based on the deposition testimony of Mr. Corn. (See Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at Exhibit A). At the outset, the State has failed to establish that this act of Larry Corn should be imputed to Western Paving. Nevertheless, the submission of an allegedly false noncol-

---

**2.** Plaintiff cites *Bailey v. Glover, supra; Holmberg v. Armbrecht, supra;* and *Ohio v. Peterson, Lowry, Rall, Barber and Ross,* 651 F.2d 687 (10th Cir.1981) (Securities fraud). (See Plaintiff's Reply Brief at 8.)

**3.** Plaintiff relies on *dicta* in *King & King* in which the Court discussed a Temporary Emergency Court of Appeals case in which that court stated that a defendant's conduct can sometimes be "inherently self-concealing," thus dispensing

with the requirement of proof of affirmative acts of concealment. However, this *dicta* is directly contrary to the holding in *King & King* and the Court's statement that "[O]nce it appears that the statute of limitations has run, the plaintiff must sustain the burden of showing ... that some *affirmative act* of fraudulent concealment frustrated discovery notwithstanding [the plaintiff's] diligence." 657 F.2d at 1154-55 (Emphasis added) (Citing trial court's opinion).

lusion affidavit is, at most, a failure to disclose or denial of wrongdoing. Such denial does not amount to an affirmative act of concealment. See *In re Fertilizer Antitrust Litigation*, 1979–2 Trade Cases (CCH) ¶ 62,894 at p. 79,179 (E.D.Wa.1979) ("[N]on-collusion affidavits ... amount to no more than a denial of wrongdoing, which does not constitute fraudulent concealment.") See also *Board of Education of Evanston v. Admiral Heating and Ventilation, Inc.*, 94 F.R.D. 300 (N.D.Ill.1982). The plaintiff's other ground for asserting fraudulent concealment, the denial of wrongdoing by Alvin Walters of Western Paving, also does not amount to an affirmative act of concealment. The courts, including the Tenth Circuit, have universally held that denial of wrongdoing does not constitute fraudulent concealment. See *King & King, supra*, 657 F.2d at 1155 ("A denial of an accusation of wrongdoing does not constitute fraudulent concealment.") (Citing trial court's opinion). See also *Dayco Corp. v. Firestone Tire & Rubber Co.*, 386 F.Supp. 546 (N.D.Ohio 1974), *aff'd.* 523 F.2d 389 (6th Cir.1975).

In its Reply Brief, the State has asserted various additional "affirmative acts of concealment" to bolster its fraudulent concealment argument. For example, plaintiff alleges that "Stillman of Western Paving did not disclose the existence of the conspiracy on the Newcastle project to individuals inside the company who were not involved in the conspiracy." Even if this allegation were true, the Tenth Circuit has specifically stated that "mere failure to disclose the existence of a cause of action does not constitute fraudulent concealment." *King & King, supra*, 657 F.2d at 1155 (Citing trial court's opinion). Plaintiff also asserts that Western Paving committed an affirmative act of concealment by submitting a complementary bid on the 1971 project which had the appearance of

regularity, thereby helping to conceal the lack of true competition in the bidding process. This type of action does not constitute fraudulent concealment. See *In re Fertilizer Antitrust Litigation, supra* at p. 79,178 ("Bids that had the appearance of regularity and their submission, which allegedly inferred that the bids were complete and regular, are not affirmative acts aimed at fraudulent concealment ...; such acts are at best passive conduct of concealment, if not simply silence.") See also *Board of Education of Evanston v. Admiral Heating, supra.* Finally, the State asserts as an affirmative act of concealment that Mr. Corn "made a list of competitors with their phone numbers to whom he placed telephone calls [requesting that they submit complementary bids] ... in total privacy and did not inform anybody about them until 1983." (See Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at 13). These activities are not acts of concealment, but rather are the acts taken in carrying out the conspiracy itself. Fraudulent concealment occurs when a defendant takes affirmative steps in addition to the original wrongdoing to prevent the plaintiff from discovering the wrong. *Board of Education of Evanston v. Admiral Heating, supra*, 94 F.R.D. at 302 ("All the alleged 'means and methods' of concealment were themselves the essence of each 'commission of the fraud' and *not* post-fraud cover-ups.") (Emphasis in original). See also *McConnell v. Frank Howard Allen & Co.*, 574 F.Supp. 781, 787 (N.D.Cal.1983). In sum, the State has failed to allege any facts which constitute affirmative acts of concealment for purposes of the tolling doctrine.

This is a classic case in which the statute of limitations should be given effect. The facts forming the basis for plaintiff's claim occurred over 13 years prior to the filing of the complaint.[4] The State's case is based

---

4. In its briefs, the State refers to the possibility that Western Paving was involved in bidrigging on a 1978 project. However, the State's investigator stated in his deposition that the State does not have any facts, knowledge or information with respect to bidrigging by Western Paving on

this 1978 job. (See Appendix to Memorandum of Defendant Western Paving Construction Company in Support of its Motion for Summary Judgment, Exhibit 9 at p. 140). The only conspiracy for which the State has presented factu-

almost entirely on the testimony of one witness, Larry Corn. His testimony cannot be corroborated because the only Western Paving employee with whom he "conspired," Harold Stillman, is now deceased. Both parties admit that many, if not all, of the relevant documents, including the non-collusion affidavits, bid proposals and other documents relating to the bidding process, have been destroyed pursuant to normal record retention policies. As the Supreme Court observed in *Wood v. Carpenter*, 101 U.S. (11 Otto) 135, 25 L.Ed. 807 (1879): "Statutes of limitations are vital to the welfare of society and are favored in the law." Moreover, "[s]tale conflicts should be allowed to rest undisturbed after the passage of time has made their origins obscure and the evidence uncertain." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, *supra*, 523 F.2d at 394.

Plaintiff has failed, as a matter of law, to establish that Western Paving has committed any affirmative acts of fraudulent concealment.[5] Therefore, plaintiff's claim under Section 1 of the Sherman Act is barred by the applicable four-year statute of limitations.

### III.   MOTION TO DISMISS

As an alternative to its Motion for Summary Judgment, defendant filed this Motion to Dismiss for failure to comply with Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11, the signature of an attorney or party on a pleading certifies that "to the best of his knowledge, information, and belief formed after reasonable inquiry [the pleading] is well grounded in fact and is warranted by existing law." Fed.R.Civ.P. 11. Relief under Rule 11 is discretionary and requires a showing that the plaintiff's claim is not simply lacking in merit, but bordering on frivolity. *Nemeroff v. Abelson*, 469 F.Supp. 630, 640 (S.D.N.Y.1979).

In this case, plaintiff's failure to survive a motion for summary judgment does not imply that plaintiff's claims are frivolous or brought for some ulterior purpose. The State has submitted the affidavit of its attorney, Thomas P. McMahon, which states that Mr. McMahon interviewed Larry Corn on several occasions prior to filing this law suit. In those interviews, Mr. Corn provided information concerning Western Paving's involvement in the Newcastle Easterly job. It is clear that the State made a reasonable inquiry, for purposes of Rule 11, and that this law suit is not frivolous or brought in bad faith. With the benefit of hindsight, after the completion of discovery, it is apparent that the State faced insurmountable obstacles in this case, but I am satisfied that competent counsel would have pursued this litigation with justifiable expectations of some success. See generally *Erie Conduit Corp. v. Metropolitan Asphalt Paving Assoc.*, 106 F.R.D. 451 (E.D.N.Y.1985) (Following dismissal of action, court denied Rule 11 Motion in antitrust case involving rigged bids for road paving contracts). Under these circumstances, imposition of sanctions would go far beyond the goals of Rule 11. Therefore, defendant's request for attorneys' fees, costs and any other relief under Rule 11 is denied.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment be, and the same hereby is, DENIED;

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss be, and the same hereby is, DENIED.

The Clerk is directed to prepare and enter judgment in favor of Western Paving Construction Co. and against the State of

---

al support against Western Paving is the 1971 Newcastle Easterly job.

5.   Because I find that plaintiff's fraudulent concealment argument fails on this basis (*i.e.*, insuf-

ficient proof of affirmative acts), I need not consider whether plaintiff has satisfied the due diligence requirement.

Colorado. Each party shall bear its own costs.