Samuel B. BALLEN, Plaintiff–Appellant,

v.

PRUDENTIAL BACHE SECURITIES, INC.; Prudential Bache Properties, Inc., Defendants–Appellees.

No. 93–2083.

United States Court of Appeals, Tenth Circuit.

May 3, 1994.

Rehearing Denied May 31, 1994.

R.A. Dean Carlton (James C. Compton of Singer, Smith & Williams, P.A., Albuquerque, NM, with him on the briefs) of The Carlton Firm, P.C., Dallas, TX, for plaintiff-appellant.

James O. Browning (Jane B. Wishner with him on the brief) of Browning & Peifer, P.A., Albuquerque, NM, for defendants-appellees.

Before WHITE, Associate Justice (Ret.),* TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Samuel B. Ballen sued Prudential Bache Securities, Inc. and Prudential Bache Properties, Inc. ("Prudential") alleging damages arising from Prudential's violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, as well as the underlying predicate acts of state and federal securities fraud, mail and wire fraud, state "RICO" violations, commercial bribery, and breach of fiduciary relations. Mr. Ballen claims Prudential substantially damaged him by its conspiracy to sell him three limited partnerships in real estate.

The district court dismissed Mr. Ballen's first complaint without prejudice to allow him to plead his allegations with more specificity. Then, the district court dismissed Mr. Ballen's first amended original complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to plead the racketeering acts with sufficient particularity to state a RICO claim. The district court also found Mr. Ballen's first amended original complaint failed to state particularities of fraudulent concealment as required by Fed.R.Civ.P. 9(b), thus the statute of limitations was not tolled. We affirm the order to dismiss because Mr. Ballen's claims are time barred.

Mr. Ballen raises various issues on appeal. He contends the trial court erred in its analysis of RICO, in its analysis of the pleading requirements, and in its analysis of fraudulent concealment. We need not address all of the issues because the running of the statute of limitations is dispositive.

■ In reviewing a Rule 12(b)(6) motion to dismiss, we evaluate the record de novo. *Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir.1993). This court will assume as true the facts asserted in the complaint and construe the well-pleaded allegations in favor of the plaintiff. *Id.* Mr. Ballen's complaints profess the wrongful acts occurred before 1985, yet Mr. Ballen did not file his suit until May 1991. Six years exceeds all relevant statutes of limitations. We agree with the district court: Mr. Ballen failed to sufficiently allege fraudulent concealment, thus the statute of limitations was not tolled.

■ Prudential sold three limited partnerships in real estate to Mr. Ballen. All solicitations and sales occurred in New Mexico. Mr. Ballen complains Prudential knew and concealed from him that the partnerships were not as safe and secure as Prudential represented or promised. Prudential sold the first partnership interest to Mr. Ballen in December 1983. It sold him the second and third interests in November and December of 1984. Accrual of the cause of action was at the time of the purchases. Mr. Ballen's lawsuit was initiated more than six years after the last event pled.

None of the relevant statutes of limitations allow for as many as six years to expire before filing a complaint. The statute of limitations applicable to civil RICO actions is the four-year limitations period governing civil enforcement actions under the Clayton Act, 15 U.S.C. § 15b. *See, e.g., Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987); *Phelps v. Wichita Eagle–Beacon,* 886 F.2d 1262, 1273 n. 12 (10th Cir.1989). New Mexico Stat.Ann. § 37–1–4 (1990 Repl.) provides a four-year limitations period for Mr. Ballen's state law claims.[1]

■ Mr. Ballen argues the statutes of limitations should be tolled pursuant to the judicially created tolling doctrine of fraudulent concealment. However, Mr. Ballen has not adequately alleged fraudulent concealment to toll the limitations period. This circuit explained the federal doctrine of fraudulent concealment requires the plaintiff to show

---

* The Honorable Byron R. White, Associate Justice of the United States Supreme Court (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

1. Section 58–13–42 of the former Securities Act of New Mexico also provided a four-year limitations. Although repealed in 1986, N.M.Stat.Ann. § 58–13–42 was in existence at the time of Mr. Ballen's transactions with Prudential. *See* N.M.Stat.Ann. § 58–13–42 (1991 Repl.). Therefore, it is one of the relevant statutes for this lawsuit. *See, e.g., Segal v. Goodman,* 851 P.2d 471 (N.M.1993).

"(1) the use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action."

*King & King Enter. v. Champlin Petroleum Co.,* 657 F.2d 1147, 1154 (10th Cir.1981) (quoting *King & King Enter. v. Champlin Petroleum Co.,* 446 F.Supp. 906, 911 (E.D.Okla.1978)), *cert. denied,* 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982); New Mexico has similar requirements for fraudulent concealment, which is referred to as "equitable estoppel." *See Continental Potash, Inc. v. Freeport–McMoran, Inc.,* 858 P.2d 66, 74 (N.M.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1064, 127 L.Ed.2d 383 (1994). Applying this test, the district court concluded that Mr. Ballen had "sufficiently pled failure to discover the operative facts within the limitation period and due diligence"— that he had adequately alleged the second and third elements of the fraudulent concealment test. Nonetheless, the court was unable to find in Mr. Ballen's amended complaint any basis for believing that Prudential had attempted to keep any information from him; it thus held that Mr. Ballen failed under Fed.R.Civ.P. 9(b) to plead successfully the test's very first element. After reviewing the substance of Mr. Ballen's amended complaint ourselves, we entirely agree.[2]

Mr. Ballen next argues the limitations period should be equitably tolled because of pending class actions. Mr. Ballen's first amended original complaint alleged

about February, 1990, class actions began to be filed complaining of the activities of Defendants herein [and others] for the acts and omissions herein complained of [amongst others] which purported, at least in part, to represent Plaintiff and his claims hereunder, and notwithstanding that Plaintiff eventually opted out after announcement of a purported settlement, any limitations was tolled thereby.

February 1990 was well after Mr. Ballen's filing periods had run. Under the equitable tolling doctrine, the statutory limitations are tolled for putative class members upon the filing of the class action and remain tolled until the class certification is denied or until the plaintiff opts out of the class. *See Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 (1983). A class action suit filed after the statute of limitations has expired will not save an action from being time barred.

Mr. Ballen has failed to allege sufficient facts to support a tolling of the statutes of limitations. Accordingly, we AFFIRM.

---

2. We thus find it unnecessary to question—as Prudential suggests we might—whether the district court was correct in holding that Mr. Ballen did indeed satisfy the second and third elements of the fraudulent concealment test.