In re COMMERCIAL EXPLOSIVES LITIGATION.

Civil No. 2:96–MD–1093S.

United States District Court, D. Utah, Central Division.

Oct. 25, 1996.

Robert A. Peterson and Stephen T. Hard of Giauque, Crockett, Bendinger & Peterson, Salt Lake City, UT, Ann C. Yahner of Cohen, Milstein, Hausfeld & Toll, P.L.L.P., Washington, D.C., Joseph Goldberg of Freedman, Boyd, Daniels, et al., Albuquerque, NM, Barry Barnett of Susman Godfrey, L.L.P., Dallas, TX, and Howard J. Sedran of Levin, Fishbein, Sedran & Berman, Philadelphia, PA, Joseph R. Saveri of Lieff, Cabraser, Heimann Bernstein, LLP, San Francisco, CA, and Howard Langer of Berger & Montague, P.C., Philadelphia, PA, for plaintiffs.

Donald E. Scott and Karen L. Chapman of Bartlit Beck Herman Palenchar & Scott, Denver, CO, Local counsel David K. Watkiss and David B. Watkiss of Watkiss Dunning & Watkiss, P.C., Salt Lake City, UT, for defendant DuPont.

## ORDER

SAM, District Judge.

The defendant E.I. du Pont de Nemours and Company ("DuPont") filed a motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the plaintiffs' Consolidated Amended Complaint for failure to state a claim of conspiracy under § 1 of the Sherman Act and for failure to plead with particularity that the four-year limitation on such a claim was tolled by fraudulent concealment. For reasons discussed below, the motion is denied.

### I. Background

In their Consolidated Amended Complaint, the plaintiffs allege that the defendants engaged in a nationwide conspiracy to fix prices of commercial explosives, beginning as early as 1985. The seven named defendants include the four largest manufacturers of commercial explosives in the world—ICI Explosives USA, Inc.; Dyno Nobel Inc.; Austin Powder Co.; and Explosives Technologies International, Inc. ("ETI")—two partially-owned subsidiaries of Dyno Nobel, and DuPont.

DuPont used to operate a commercial explosives division, but it sold the division to ETI in 1987. (Plaintiffs' memorandum in opposition at 1 and DuPont's reply memorandum at 2–3.) DuPont denies selling commercial explosives after 1988. (DuPont's reply memorandum at 9.)

### II. Discussion

In appraising the sufficiency of a complaint, the court must "accept factual allegations as true and construe them most favorably" to the plaintiff. *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See Hospice of Metro Denver v. Group Health Ins.*, 944 F.2d 752, 753 (10th Cir.1991).

### A. Pleading a conspiracy under Rule 8(a)(2)

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Complex antitrust litigation is not subject to any greater pleading requirements than Rule 8(a)(2) requires of ordinary litigation. *See Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1372–73 (10th Cir. 1979); *Coors Brewing Co. v. Miller Brewing Co.*, 889 F.Supp. 1394, 1400 (D.Colo.1995).

DuPont argues that the allegations of the plaintiffs' Consolidated Amended Complaint fail to give "sufficient notice as to the alleged nature, time or extent of DuPont's participation in purported illegal acts." (DuPont's memorandum in support at 6.) The only allegations of the Consolidated Amended Complaint which refer specifically to DuPont are as follows:

> Defendant E.I. Dupont De Nemours & Co. Inc. ("Dupont") is a Delaware corporation with its principal place of business in Wilmington, Delaware. During all or part of the Class Period [1985–1993], Dupont was engaged in the manufacture, distribution and sale of Commercial Explosives throughout the United States. (¶ 31.)

> In 1985, Defendants, including Dupont, and their co-conspirators, exchanged pricing information in connection with a price increase for Commercial Explosives. (¶ 49e.)

The plaintiffs also allege acts of conspiracy by the "defendants" generally. (¶¶ 1, 10, 36, 47, 48 and 50.)

The complaint does identify specific conduct by which the seven defendants carried out their conspiracy to fix prices; including discussing and agreeing to increase prices and impose surcharges (¶ 48(a) & (f)), discussing and agreeing upon bids and price quotes (¶ 48(b)), participating in meetings and telephone conversations to set prices (¶ 48(c)), discussing and agreeing to allocate customers and territories (¶ 48(d)), exchanging bidding and pricing information (¶ 48(e)), and retaliating against Thermex Energy Corporation, another manufacturer of commercial explosives, for refusing to join their conspiracy (¶ 8). The complaint identifies

meetings at which prices were discussed, bids that were rigged, and pricing documents that were exchanged (¶ 49(a)–(e)).

The Tenth Circuit has declined to dismiss antitrust claims which provide no greater detail. *See Monument Builders v. American Cemetery Ass'n,* 891 F.2d 1473, 1480–84 (10th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 498 (1990) (reversing district court's dismissal of an antitrust conspiracy claim which "provides a lengthy list of allegedly anti-competitive practices defendant cemeteries agreed to put into effect"); *Perington Wholesale,* 631 F.2d at 1372 (reversing district court's dismissal of an antitrust conspiracy claim where the "conduct complained of—termination of the distributorship—is adequately specified, and the allegation of conspiracy related to that conduct"). *Cf. Mountain View Pharmacy v. Abbott Laboratories,* 630 F.2d 1383, 1386–87 (10th Cir.1980) (affirming dismissal of portions of an antitrust conspiracy complaint that failed to specify which of 28 defendants fixed prices on which of hundreds of products they manufactured).

■ Requiring detailed facts at the pleading stage is "contrary to the substantive law of antitrust conspiracy" because "conspiracy may be proven by circumstantial evidence." *Monument Builders,* 891 F.2d at 1481. In addition, many of the facts to support a claim of conspiracy may be unknown to plaintiffs until they have an opportunity to conduct some discovery. *See Poller v. Columbia Broadcasting Sys.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962) ("summary procedures should be used sparingly in complex antitrust litigation where ... the proof is largely in the hands of the alleged conspirators").

The court therefore agrees that the Consolidated Amended Complaint fairly informs DuPont that it is accused of engaging in a conspiracy to fix the prices of commercial explosives and that it did so by such activities as meeting with competitors to discuss and agree on prices, discussing the setting of prices over the telephone, exchanging pricing documents, agreeing to raise prices, imposing fabricated surcharges, and retaliating against Thermex for refusing to go along with this conspiracy.

### B. Pleading fraudulent concealment under Rule 9(b)

■ A four-year limitation applies to the plaintiffs' conspiracy claim, but they assert that the limitation was tolled by defendants' fraudulent concealment of the conspiracy.[1] *See* 15 U.S.C. § 15(b); Consolidated Amended Complaint, ¶ 56. Accordingly, the plaintiffs are "required to 'allege facts' showing affirmative conduct upon the part of the defendant which would ... lead a reasonable person to believe that he did not have a claim for relief." *Clulow v. State of Oklahoma,* 700 F.2d 1291, 1301 (10th Cir.1983) (quoting *Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248, 250 (9th Cir.1978)). "Concealment by mere silence is not enough." *Wood v. Carpenter,* 101 U.S. 135, 143, 25 L.Ed. 807 (1879).

■ In this circuit, for a statute of limitation to be equitably tolled on grounds of fraudulent concealment, a party must show three "elements":

> (1) the use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action.

*King & King Enters. v. Champlin Petroleum Co.,* 657 F.2d 1147, 1154 (10th Cir.1981), *cert. denied,* 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982).

DuPont argues that the plaintiffs must allege each of these three elements in accordance with Rule 9(b)'s requirement that "circumstances constituting fraud ... be stated with particularity." (*See* DuPont's memorandum in support at 8.) In *Ballen v. Prudential Bache Sec., Inc.,* 23 F.3d 335, 337 (10th Cir.1994), the Tenth Circuit affirmed a district court's dismissal of RICO claims as

---

1. The fraudulent concealment tolling doctrine may be "read into every federal statute of limita-tion." *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946).

time-barred where the plaintiff "failed under Fed.R.Civ.P. 9(b) to plead successfully the [fraudulent concealment] test's very first element"—affirmative acts of concealment by the defendant.

■ Nevertheless, Rule 9(b) does not require the pleading of facts to support each of the three elements.[2] Under Tenth Circuit precedent, a plaintiff's "allegations, asserting affirmative conduct to conceal the [defendant's unlawful acts] are sufficient to invoke the doctrine of equitable tolling" at the pleading stage of the proceedings. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1042 (10th Cir.1980). Thus, allegations of fraudulent concealment of an attorney malpractice claim were adequate where the plaintiff alleged that its attorneys failed to keep it apprised of the course of events in litigation giving rise to the claim and "sought to conceal [their] errors and mistakes." *United Fidelity v. Law Firm of Best, Sharp, Thomas & Glass*, 624 F.2d 145, 148 (10th Cir.1980). *Cf. State of Colorado v. Western Paving Constr. Co.*, 630 F.Supp. 206, 210 (D.Colo.1986), *aff'd* en banc by an equally divided court, 841 F.2d 1025 (10th Cir.), *cert. denied*, 488 U.S. 870, 109 S.Ct. 179, 102 L.Ed.2d 148 (1988) (dismissing an antitrust claim where plaintiff "failed to allege any facts which constitute affirmative acts of concealment for purposes of the tolling doctrine").

Here, the plaintiffs allege that:

Throughout the period set forth herein, Defendants and their [ ] co-conspirators have fraudulently concealed their unlawful combination and conspiracy from Plaintiffs and the members of the Class. Plaintiffs are informed and believe, and on that basis allege, that one of more of the Defendants and their co-conspirators affirmatively acted to conceal their illegal conspiracy by *meeting and secretly discussing the proposal and implementation of the actions taken to increase prices, rig bids, allocate customers and territories, and add sur-charges* and, additionally, acted to conceal such actions by *destroying documents* and *using false and misleading labels for certain charges.*

The affirmative actions of Defendants and their co-conspirators heretofore alleged were wrongfully concealed and carried out in a manner that precluded detection. Plaintiffs had no knowledge of the antitrust violations herein alleged or any facts that might have led to their discovery. Plaintiffs could not have uncovered the violations alleged herein at any earlier date by the exercise of due diligence because of Defendants' fraudulent concealment of their activities through various means and methods designed to avoid detection.

(Consolidated Amended Complaint, ¶¶ 54 & 55, emphasis added).

Thus, the plaintiffs have alleged specific, affirmative acts of concealment by the defendants: meeting secretly, destroying documents, and fabricating taxes and other surcharges to mislead purchasers about the reason for higher prices. (¶ 54.)

The second element—successful concealment from the injured party—is not expressly stated in the complaint, but the plaintiffs imply that the defendants were successful in concealing their conduct until the Department of Justice conducted an ongoing investigation and brought criminal proceedings. (¶¶ 2–7, 55, and 56.)

As to the third element, the plaintiffs simply allege that they did not know of their cause of action and could not have known of it by the exercise of due diligence. (¶ 55.) DuPont insists that they should "state when the discovery was made, what it was, how it was made, and why it was not made sooner." (DuPont's memorandum in support at 9.) *See Wood*, 101 U.S. at 143 ("circumstances of the discovery must be fully stated").

The plaintiffs explain in their memorandum that price-fixing indictments were first handed down against some of the defendants

---

2. As Professors Wright and Miller observe, there is a distinction between pleading "circumstances," as required by Rule 9(b), and pleading "facts." 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1298 (1990). "Although circumstances may consist of facts, the obligation to plead circumstances need not be treated as requiring allegations of facts in the pleading, and neither Rule 8 nor Rule 9(b) requires fact pleading." *Id.*

in August and September 1995.[3] (Plaintiffs' memorandum in opposition at 20–21.) They also emphasize that a defendant's conduct in furtherance of a conspiracy to fix prices may be "inherently self concealing." *King,* 657 F.2d at 1156. They argue that, since a conspiracy must be concealed to succeed, proof of the conspiracy itself will constitute proof of its fraudulent concealment. (Plaintiffs' memorandum in opposition at 22.)

In any event, "the issue of when a plaintiff knew or with reasonable diligence should have known of a cause of action is a question of fact for the jury." *Maughan v. SW Servicing Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). *See Aldrich,* 627 F.2d at 1042 ("whether a plaintiff should have discovered the basis of his suit under the doctrine of equitable tolling does not lend itself to determination as a matter of law"); *Bridgewaters v. Toro Co.,* 819 F.Supp. 1002, 1005 (D.Utah 1993) (summary judgment precluded by factual issues as to when the plaintiff knew, or with reasonable diligence should have known, of her cause of action).

### III. Order

IT IS THEREFORE ORDERED that the defendant E.I. du Pont de Nemours and Company's motion to dismiss is denied.

---

**3.** DuPont was not involved in the criminal proceedings. (DuPont's reply memorandum at 3 n.5.) Four of the defendants who were involved pled guilty to charges of engaging in a conspiracy to fix prices or restrain trade. (Plaintiffs' memorandum in opposition at 2.) A fifth defendant pled guilty to similar charges on September 26, 1996. (Arch Mineral Plaintiffs' memorandum in opposition to Austin Powder's motion to dismiss at 2.)